IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEGGY S. JOHNSON              :
                              :
       v.                     :    CIVIL NO. CCB-12-3263
                              :
U.S. POSTAL SERVICE           :
                         ...o0o...

# MEMORANDUM

The plaintiff Peggy S. Johnson, representing herself, filed a complaint against the U.S. Postal Service on November 6, 2012 seeking $40,000 added to her retirement or an injunction ordering the Postal Service to honor a settlement agreement it reached with her in September 2006. This suit was filed after a September 21, 2012 decision of the Court of Federal Claims, which found it had no jurisdiction over Ms. Johnson's earlier suit for breach of settlement agreement, because no monetary damages were available for that alleged breach. *Johnson v. United States*, 107 Fed. Cl. 379, 385 (Fed. Cl. 2012). The Court of Claims decision resolved a suit filed in this court in 2009 by Ms. Johnson, which was assigned to then Chief Judge Benson E. Legg (BEL-09-319). Judge Legg transferred the case to the Court of Claims in 2011. Earlier, Ms. Johnson filed suit on the same issues in a case decided by then District Judge Andre M. Davis (AMD-07-3419).

As was discovered in the course of Ms. Johnson's 2009 suit, her settlement agreement, designed to increase her retirement annuity by calculating her high-three years of service at a level applicable to an EAS-24, even though she was not promoted to that position, initially was not honored. Apparently there was a failure of communication between the Postal Service and the Office of Personnel Management ("OPM"), which implements annuity payments. That error was corrected, and the U.S. Postal Service paid over $10,000 to Ms. Johnson to make up the

1

shortfall.  (Def.'s Mot., Ex. 4, ECF No. 9; Pl.'s Mem. Supp. Summ. J. at 1, *Johnson v. Potter*, No. 09-319 (D. Md. Sept. 8, 2010), ECF No. 34-1; Def.'s Opp'n Summ. J., Ex. 4, *Johnson v. Potter*, No. 09-319 (D. Md. Oct. 28, 2010), ECF No. 37-5).

Over the course of this lengthy litigation and series of lawsuits, it has been made clear that the court has no authority to do more than enforce the settlement agreement. *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007).  As to the remaining dispute, about "merit increases" and compensatory damages, Judge Legg correctly concluded that merit increases were not part of the settlement agreement and, additionally, that he had no jurisdiction over any claim for compensatory damages.

After reviewing the record in this case, the prior cases assigned to Judges Davis and Legg, and the decision of the Court of Federal Claims, it appears to me that Ms. Johnson has obtained all that she is entitled to under the settlement agreement.   While it is unfortunate that it required a lawsuit to correct the initial error, the court has no authority to award any additional money to Ms. Johnson.

A separate Order follows.


September  26, 2013                                         /s/
          Date                                          Catherine C. Blake
                                                        United States District Judge